UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MADONA RAY LITTLE                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:24-CV-783-DPJ-ASH

EAGLE EXPRESS FEDERAL                                                                            DEFENDANT
CREDIT UNION

ORDER

This matter is before the Court on pro se Plaintiff Madona Ray Little's Motion for Joinder of Plaintiff and Co-Buyer. [13]. Defendant Eagle Express Federal Credit Union filed no response. Having considered the applicable law, the Court finds Little's Motion should be denied without prejudice.

On December 10, 2024, Little filed her complaint alleging Eagle Express repossessed her car (for which it provided a loan) despite an automatic stay in her Chapter 7 bankruptcy case. Compl. [1] at 3. Eagle Express moved to dismiss Little's complaint, and the Court denied the motion on April 22, 2025. Order [15]. Little now seeks to add the co-buyer of her car, an individual she identifies as "Lemmie Howard Jr," as a co-plaintiff.

Federal courts generally hold pro se litigants to less stringent standards than litigants represented by counsel. *See Ominski v. Northrop Grumman Shipbuilding, Inc.*, 466 F. App'x 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"). With this in mind, "[c]ourts will be 'liberal in reviewing pro se pleadings and motions . . . .'" *North v. BP Expl. & Prod. Inc.*, No. 1:19-CV-209-HSO-RHWR, 2021 WL 5366964, at *2 (S.D. Miss. Nov. 17, 2021) (quoting *Badon v. U.S. Dep't of Agric.*, No. CV 20-460-BAJ-RLB, 2020 WL 5576694, at *2 (M.D. La. Sept. 17, 2020)). Nonetheless, a pro se

1

litigant is "not exempt . . . from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or* by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). The purpose of Rule 11(a)'s requirement of an unrepresented party's signature is "to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf." *Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 11416561, at *2 (S.D. Miss. Apr. 17, 2018) (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)).

There are two problems with Little's request. First, Little is not an attorney and therefore may not represent Howard. *See Monroe v. Smith*, No. CA C-10-401, 2011 WL 2670094, at *2 (S.D. Tex. July 6, 2011) ("Because plaintiff is not an attorney, he cannot represent his wife's interests in this action."). Even if Howard were to consent to Little's attempted representation, she lacks legal authority to act as his counsel and he has no "right to representation by an unlicensed lay person practicing law." *In re Futch*, No. 09-01841-NPO, 2011 WL 1884187, at *3 (Bankr. S.D. Miss. May 18, 2011) (citing *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970)). Second, Howard did not sign the motion. *See* Fed. R. Civ. P. 11(a). And although Little's original complaint names Howard as a co-plaintiff, Howard did not sign that document either. To the extent Little seeks permission to amend her complaint to add a party, she (and any purported co-plaintiff) must comply with Federal Rule 11(a) and the Local Rules. *See* L.U. Civ. R. 7(b)(2); L.U. Civ. R. 15 ("[A] proposed amended pleading must be an exhibit to a motion for leave to file the pleading.").

For the reasons explained above, the Court denies Little's Motion for Joinder of Plaintiff and Co-Buyer [13]. Because it may be possible for Little to cure the defects identified by the Court, this denial is without prejudice to Little and Howard (to the extent he seeks to join) refiling the motion. If Little and Howard wish to refile their motion, they must both sign the motion and attach a proposed amended complaint that also is signed by both of them.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2025.

                                                s/ *Andrew S. Harris*
                                                UNITED STATES MAGISTRATE JUDGE