UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MADONA RAY LITTLE                                                                                    PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:24-CV-783-DPJ-ASH

EAGLE EXPRESS FEDERAL                                                                              DEFENDANT
CREDIT UNION

ORDER

This matter is before the Court *sua sponte* for case management purposes to address the purported plaintiffs and pro se Plaintiff Madona Ray Little's apparent attempt to proceed on behalf of another pro se plaintiff, Lemmie Howard, Jr.

On December 10, 2024, Little filed her complaint alleging Eagle Express repossessed her car (for which it provided a loan) despite an automatic stay in her Chapter 7 bankruptcy case. Compl. [1] at 3. Because Little secured that loan together with an individual she identifies as "Lemmie Howard Jr," she names Howard as a co-plaintiff.[1] Little, however, does not name Howard as a co-plaintiff in the style of her complaint. Instead, she lists him in the body of her complaint under the heading parties. Apparently as a result of Howard's omission from the case style (and the civil cover sheet), the docket identifies only Little as the plaintiff.

Despite naming Howard as a co-plaintiff, Little is the only person who signed the complaint. Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or* by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis

---

[1] On April 2, 2025, Little filed a motion to join Howard as a plaintiff and co-buyer [13]. The Court denied that motion without prejudice due to problems with Little's filing. Order [21]. Those same problems exist in Little's complaint.

1

added). The purpose of Rule 11(a)'s requirement of an unrepresented party's signature is "to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf." *Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 11416561, at *2 (S.D. Miss. Apr. 17, 2018) (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998)).

Little is not an attorney,[2] and therefore may not sign the complaint—or any pleading—on Howard's behalf. *See Monroe v. Smith*, No. CA C-10-401, 2011 WL 2670094, at *2 (S.D. Tex. July 6, 2011) ("Because plaintiff is not an attorney, he cannot represent his wife's interests in this action."). Although Howard signed the Security Agreement attached to the complaint, *see* Compl. [1-3] at 1, the complaint itself contains only Little's signature. The Court, therefore, requires clarification concerning Howard's status as a purported co-plaintiff. *See Douglas v. Est. of Calloway*, No. CV 18-127-BAJ-SDJ, 2020 WL 7327368, at *1 (M.D. La. Nov. 2, 2020), (explaining that the court had *sua sponte* ordered the pro se plaintiff to show cause why his co-plaintiffs, whom he claims to represent, should not be dismissed), *report and recommendation adopted*, 2020 WL 7319409 (M.D. La. Dec. 11, 2020). To the extent Howard wishes to join[3] this case as a co-plaintiff, he must sign the complaint. *See* Fed. R. Civ. P. 11(a). His failure to do so will result in his dismissal.

---

[2] The record lacks any indication that Little is a licensed attorney who may represent Howard in this action. She certainly is not admitted to practice in the Southern District of Mississippi.

[3] While Little does not explicitly say how she is related (if at all) to Howard, familial (or other) relations do not permit Little to represent Howard. "Even if plaintiffs are married and have a joint financial statement, if [Howard] wishes to be a named party plaintiff [he] must sign and submit documents in [his] own right so the record is clear [he] has decided to join this suit . . . ." *Thomas v. Mayes*, No. SA-13-CA-748-FB, 2013 WL 12394446, at *8 (W.D. Tex. Sept. 13, 2013), *report and recommendation adopted*, 2013 WL 12394454 (W.D. Tex. Oct. 4, 2013).

The Court therefore orders Little, on or before May 27, 2025, to either (1) file a copy of the original complaint that has been signed by Howard or (2) show cause why Howard should not be dismissed as a co-plaintiff on the basis that Little is unauthorized to represent his interests. Failure to comply with this order may result in Howard being dismissed without further notice.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE