UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MADONA RAY LITTLE AND                                                                PLAINTIFFS
LEMMIE HOWARD, JR.

V.                                                                       CIVIL ACTION NO. 3:24-CV-783-DPJ-ASH

EAGLE EXPRESS                                                                         DEFENDANT
FEDERAL CREDIT UNION

ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* to address Plaintiff Madona Ray Little's noncompliance with the Court's previous Order [21] and deficiencies in what she has styled as her Joint Motion to Amend Complaint [25].

On April 2, 2025, Little filed a motion seeking to add the co-buyer of her car, Lemmie Howard, Jr., as a co-plaintiff. Mot. [13]. Because Little may not represent Howard (as she is not an attorney) and because Howard failed to sign the motion (or the original complaint), the Court denied her motion without prejudice. Order [21]. The Court stated that if "Little seeks permission to amend her complaint to add a party, she (and any purported co-plaintiff) must comply with Federal Rule 11(a) and the Local Rules." *Id.* at 2. The Court specifically instructed that "[i]f Little and Howard wish to refile their motion, they must both sign the motion and attach a proposed amended complaint that is also signed by both of them." *Id.* at 3. On May 20, 2025, Little filed a Joint Motion to Amend Complaint and Join Co-Plaintiff [25]. Howard signed the proposed amended complaint attached to that Joint Motion. But Howard failed to sign the Joint Motion as instructed by the Court's prior Order [21].

The Court acknowledges that pro se litigants are generally held to less stringent standards than litigants represented by counsel. *See Ominski v. Northrop Grumman Shipbuilding, Inc.*, 466

1

F. App'x 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"). But "[d]espite [their] *pro se* status," Little and Howard are "still required to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court." *Cooley v. Lamar Cnty. Sheriff's Dep't*, No. 2:20-CV-196-TBM-MTP, 2024 WL 2148743 (S.D. Miss. Apr. 15, 2024) (citing *Davis v. Hinds Cnty.*, 2017 WL 2269010, at *1 (S.D. Miss. May 23, 2017)); *see Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (explaining a pro se litigant is "not exempt . . . from compliance with relevant rules of procedural and substantive law"). By filing a Joint Motion that is not signed by Howard, the Court concludes that the Joint Motion does not comply with Federal Rule of Civil Procedure 11(a)'s requirement that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." In other words, because the Joint Motion is on behalf of both Little and Howard, it is necessary that they both sign the Joint Motion.

Because Little and Howard are proceeding pro se, the Court will provide them with one final opportunity to comply with the Court's Orders. *See Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 11416561, at *4 (S.D. Miss. Apr. 17, 2018) (cautioning pro se defendant that "any failure to comply with [Rule 11's] directive will be deemed contumacious conduct and may result in [defendant's] filings being stricken, or may result in more severe sanctions, including entry of default judgment").

IT IS, THEREFORE, ORDERED that Little and Howard shall, on or before June 6, 2025, either (1) file a written response showing cause why their Joint Motion to Amend Complaint and Join Co-Plaintiff [25] should not be stricken for failure to comply with the Court's previous Order [21] and Federal Rule of Civil Procedure 11(a) or (2), remedy their

failure to comply with Rule 11(a) by refiling their Joint Motion with signatures from both of them.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in the Court striking the Joint Motion without further notice.

IT IS FURTHER ORDERED that Defendant Eagle Express Federal Credit Union's deadline to respond to the Joint Motion is held in abeyance pending further order from the Court.

**SO ORDERED AND ADJUDGED** this the 23rd day of May, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE