UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MADONA RAY LITTLE AND                                                           PLAINTIFF
LEMMIE HOWARD, JR.

V.                                                           CIVIL ACTION NO. 3:24-CV-783-DPJ-ASH

EAGLE EXPRESS FEDERAL                                                          DEFENDANT
CREDIT UNION

ORDER

Defendant Eagle Express Federal Credit Union requests an extension to the case management deadlines set by this Court's May 23, 2025 Order [28]. Specifically, Defendant asks that the discovery deadline be extended from December 4, 2025, to January 2, 2026.[1] Defendant further requests that the dispositive motions deadline be extended from December 18, 2025, to January 16, 2026. Defendant argues that additional time is needed to take Plaintiffs' depositions.

Plaintiffs filed a response opposing Defendant's request. Resp. [54]. In their response Plaintiffs argue that this Court rejected Defendant's prior motion seeking similar extensions, Mot. [52], and that there are no new facts which now counsel in Defendant's favor. Plaintiffs argue further that Rule 16(b)(4) weighs against granting Defendant's motion. Plaintiffs assert that Defendant has shown neither the requisite "good cause" nor "diligence" such that modification of the Court's original case management order is warranted. Fed. R. Civ. P. 16(b)(4) (allowing for modification "only for good cause"); *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (interpreting "good cause" to require at least a showing of diligence by the requesting party).

---

[1] Defendant's motion [53] refers to 2025. The Court assumes that Defendant intended 2026.

While Plaintiffs arguments have some merit, they are incorrect in stating that Defendant has failed to establish any good cause. Defendant asserts that the requested extension was necessitated by their inability to schedule Plaintiffs' depositions. Defendant seems to place at least part of the blame for this delay with Plaintiffs. For their part, Plaintiffs do not dispute that they may share some of the responsibility for scheduling challenges. While the Court agrees with Plaintiffs that Defendant should have made an earlier request to take Plaintiffs' depositions, even Plaintiffs admit that Defendant attempted to depose them during the discovery period. Further, Plaintiffs do not indicate why they were unable to accommodate the date or time requested by Defendant.

Thus, the Court finds Defendant has shown good cause in support of the requested extension of the discovery and dispositive motions deadlines given the apparent inability to find a mutually agreeable time to take Plaintiffs' depositions. For this reason, Defendant's motion is granted. Discovery is now due by January 2, 2026. Dispositive and *Daubert*-type motions are due by January 16, 2026.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE